UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| TERESA J. FEUCHT, | \* | CIV. 06-4080 |
| | \* | |
| Appellant, | \* | Chapter 7 No. 05-41178 |
| -vs- | \* | |
| | \* | AMENDED |
| LEE ANN PIERCE, | \* | REPORT and RECOMMENDATION |
| Chapter 7 Trustee, | \* | (correcting Chapter 7 case no.) |
| | \* | |
| Appellee. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## BACKGROUND

This is an appeal by Teresa J. Feucht, a Chapter 7 Bankruptcy Debtor, from a decision of the Honorable Bankruptcy Judge Irvin N. Hoyt. Doc. 1.[1] At issue in the case is real property located at Outlot Ten (10) and Outlot Nine (9), Fairview, Lincoln County, South Dakota, also known as 502 Main Street ("the Fairview property"). The property is owned by Teresa Feucht in joint tenancy with her husband, Duane Feucht. On September 16, 2005, a meeting of the creditors was held pursuant to 11 U.S.C. § 341. There, Teresa Feucht answered questions regarding her interest in and current relationship to the property at 502 Main Street in Fairview, South Dakota. Teresa Feucht listed the Fairview property on her bankruptcy Schedule A (Doc. 4-3) and claimed it as exempt pursuant to South Dakota's homestead exemption on Schedule C. (Doc. 4-3) The Trustee objected to the claimed exemption in Fairview Property (Doc. 4-7). Judge Hoyt held hearings on the matter on December 6, 2005 and February 7, 2006. On April 24, 2006, Judge Hoyt issued a letter decision (Doc. 4-22) and an Order (Doc. 4-23) sustaining the Trustee's objection to the claimed exemption. This appeal followed.

## JURISDICTION

The District Court has jurisdiction over this Bankruptcy Appeal pursuant to 28 U.S.C. § 158(a). Judge Piersol has referred it to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) by Order dated June 5, 2006, and the District Court's Standing Order dated February 1, 2002.

---

[1] The records from the Bankruptcy Court are contained within docket entry No. 4 in this action, and will be referred to as "Doc. 4-___" as appropriate.

## FACTS

The parties agree (Doc. 10, p. 3, Doc 12, p. 3) the Bankruptcy Court accurately stated the facts as follows:

> Summary: Teresa J. Feucht ("Debtor") filed a Chapter 7 petition in bankruptcy on August 15, 2005. On her schedule of real property, she stated she owned a house in Fairview, South Dakota, in joint tenancy with her husband, who was not a co-debtor. Debtor valued the home at $17,500 and stated there were no secured claims against it. She also declared the Fairview home exempt as her homestead, though she listed a Canton, South Dakota address on her petition.
>
> Trustee Lee Ann Pierce timely objected to Debtor's claimed homestead exemption. Based on Debtor's testimony at her § 341 meeting that she does not live at the Fairview house nor have any intention of doing so in the future, Trustee Pierce argued Debtor's claimed homestead exemption was improper. In her response, Debtor said she is separated from her husband and "[either Debtor or her estranged husband, as citizens of South Dakota and heads of household, are entitled to a $30,000.00 homestead exemption." As to her testimony at her § 341 meeting, Debtor stated in her response she was attaching a letter to Trustee Pierce dated September 21, 2005. A letter from Debtor's attorney to Trustee Pierce dated October 20, 2005, was attached and it did not reference Debtor's § 341 meeting.
>
> Both parties filed pre-hearing briefs. An evidentiary hearing was held February 7, 2006. Debtor testified she and her husband separated in April, 2004, and she has not lived in the Fairview house since then, though her husband has. On the petition date, Debtor said she lived in a rented home on a month to month lease (no signed agreement).
>
> During testimony, Debtor said she would move back into the marital home under certain circumstances, which she described as: if her husband vacated the house; if her husband died; if her husband or their adult son (who still lived in the house) needed care; or if the couple reconciled, though reconciliation was not being discussed as of the petition date. Debtor acknowledged she said at her meeting of creditors she did not intend to live in the Fairview house again. She further testified the answer she gave at the meeting of creditors to the question about moving back to the Fairview house was based more on the mind-set that she did not intend to go back to her husband, rather than that she did not intend to go back to the house itself.

## DISCUSSION

**Standard of Review**

The District Court reviews the Bankruptcy Court's findings of fact for clear error, and its conclusions of law *de novo*. Loop Corp. v. United States Trustee, 379 F.3d 511, 515 (8th Cir. 2004)

2

Case 4:06-cv-04080-LLP   Document 17   Filed 11/15/06   Page 3 of 7 PageID #: 162

cert. den. 543 U.S. 1055, 125 S.C. 915, 160 LED.2d 778 (2005); Fed. R. Bank. P. 8013. Entitlement to an exemption is a question of law. Fox v. Hutton, 893 F.2d 1010, 1011 (8th Cir. 1990).

**Issue to Be Decided**

Judge Hoyt determined Teresa Feucht may not declare a homestead exemption in the Fairview property because before the petition date, she left the homestead property without an intention to return. As such, she abandoned the homestead and forfeited the homestead right. See Doc. 4-22. Debtor asserts the issue is whether Judge Hoyt's ruling is erroneous because one spouse may not abandon a homestead without the other spouse's concurrence. See Doc. 10. The Trustee asserts the issue is whether Judge Hoyt erred in determining Teresa Feucht may not claim the homestead exemption in the Fairview property, because at the time she filed her bankruptcy petition she had no intention to live there and her husband was entitled to claim the real estate as his homestead property. See Doc. 12. Generally stated, the issue to be decided on appeal is whether the Bankruptcy Court correctly sustained the Trustee's objection to Teresa Feucht's claim to an exemption on the Fairview property.

**Analysis**

A bankruptcy estate consists of all the debtor's property at the time of filing. Owen v. Owen, 500 U.S. 305, 308, 111 S.C. 1833, 1835, 114 L.Ed.2d 350 (1991). A debtor may withdraw property from the bankruptcy estate (and hence from her creditors) by claiming an exemption. Id. Federal bankruptcy law (11 U.S.C. § 522(b)) provides that the states may choose between a list of federal exemptions set forth at 11 U.S.C. § 522(d) and the exemptions provided by state law unless the state has "opted out" of the federal list. Owen, Id. at 500 U.S. 308. South Dakota has opted out. See SDCL § 43-45-13.

The Court, therefore, looks to South Dakota law to determine whether Teresa Feucht is entitled to claim the homestead exemption for the Fairview property. The applicable statutes are:

> **SDCL 43-31-1. Homestead exempt from judicial sale, judgment lien, and mesne or final process–Mobile home exemption–Senior citizen's homestead exempt from tax sale**
> The homestead of every family, resident in this state, as hereinafter defined, so long as it continues to possess the character of a homestead is exempt from judicial sale, from judgment lien, and from all mesne or final process from any court, to the extent and as provided in this code, except that a creditor or lien holder of a mobile home classified as a homestead under § 43-31-2 prior to January 1, 1972 shall not be cut off or subject to a homestead exemption. In addition, the homestead of a person

3

seventy years of age or older and the unremarried surviving spouse of such person, so long as it continues to possess the character of a homestead, is exempt from sale for taxes.

### SDCL 43-31-2. Homestead limited to house or mobile home and appurtenant buildings–Business place–Minimum size of mobile home

The homestead must embrace the house used as a home by the owner thereof, being either, real property or a mobile home as hereinafter defined, and if he or she has two or more houses or mobile homes thus used at different times and places, such owner may select which he or she will retain as a homestead.

It must not embrace more than one dwelling house or any other buildings except such as are properly appurtenant to the homestead as such; but as a shop, store, or other building situated on real property and really used or occupied by the owner in the prosecution of his ordinary business may be deemed appurtenant to such homestead.

Mobile homes shall include any vehicle without motive power which can provide adequate, comfortable, all season quarters for the purpose of making a residence thereof and which vehicle is larger than two hundred forty square feet, measuring at the base thereof. Such mobile home must be registered in South Dakota at least six months prior to the claim of exemption.

### SDCL 43-31-3. Homestead containing one or more lots or tracts of land–Contiguous tracts–Use in good faith

The homestead may contain one or more lots or tracts of land with the buildings thereon and other appurtenances, subject to the limitations contained in this code, but must in no case embrace different lots and tracts unless they are contiguous, or unless they are habitually and in good faith used as part of the same homestead.

### SDCL 43-31-4. Limited Area of Homestead–Mineral Lands

If within a town or plat the homestead must not exceed one acre in extent, and if not within a town plat, it must not embrace in the aggregate more than one hundred sixty acres. If the homestead is claimed upon any land, the title or right of possession to which was acquired or claimed under the laws of the United States, relating to mineral lands, then the area of the homestead, if within the town plat, shall not exceed one acre, and if without a town plat it must not exceed forty acres, if title thereto has been acquired as a placer claim, but if the title has been acquired under the laws of Congress as a lode mining claim, the area of such homestead shall not exceed five acres.

The most important factor for determining a homestead exemption is the debtor's intent. In Re: Johnson, 61 B.R. 858, 865 (D.S.D. 1986). A "family" may claim an homestead exemption, but only one homestead exemption per family is allowed. Id., Beck v. Lapsley, 593 N.W.2d 410, 413 (S.D. 1999). A debtor's entitlement to an exemption is determined on the day he or she files the

4

bankruptcy petition. In Re: Peterson, 897 F.2d 935, 937 (8th Cir. 1990).

> The Courts must keep in mind the social policies which generate exemptions:
>
> (1) to provide the debtor with property necessary for his physical survival; (2) to protect the dignity and the cultural and religious identity of the debtor; (3) to enable the debtor to rehabilitate himself financially and earn income in the future; (4) to protect the debtor's family from the adverse consequences of impoverishment; (5) to shift the burden of providing the debtor and his family with minimal financial support from society to the debtor's creditors.

In Re: Johnson, 880 F.2d 78, 82 (8th Cir. 1989). Regarding the homestead exemption in particular, the right of homestead is not, under the laws of South Dakota "an estate in land, but is a mere privilege granted by the legislature . . ." In Re: Clouse's Estate, 257 N.W. 106, 108 (S.D. 1934). The homestead right consists of the "right of occupancy" and "when the need for protection for the family ceases, then there is no longer any reason for the homestead. The homestead exemption is therefore temporary and exists only so long as the conditions prevail under which it was allowed by the homestead law." Id. Also, the purpose of the homestead exemption is "providing the family a home in which it may have shelter from and a protection against the claims of creditors or its own improvidence and where it may live and be protected." In Re: Wood, 8 B.R. 882, 886 (D.S.D. 1981). A debtor need not be the absolute owner in fee to claim the homestead exemption, but "any interest in land, accompanied by the requisite occupancy by the debtor and his family, is sufficient to support the homestead exemption." Id.

In this case, it is undisputed that as of the petition date, Ms. Feucht had an ownership interest in the Fairview property but had not lived there for approximately nine months. Her estranged husband and adult son continued to live in the Fairview property. She had no present intention to re-inhabit the Fairview property, but said she would move back there if her husband left or died, or if her husband or son needed care. She also said she would re-inhabit the Fairview home in the event of marital reconciliation, which was not on the horizon at the time. "Actual removal without intention to return is a forfeiture of the homestead right." Yellowhair v. Pratt, 182 N.W. 702, 703 (S.D. 1921). If the intent to return is merely possible or at most probable and is contingent on the happening or non-happening of a particular event, the homestead right is abandoned. Id. And while the party who leaves the homestead must in good faith intend to return, the date need not be "fixed or definite." Id. Likewise, the intent to return does not require a disregard of all possible contingencies. In Yellowhair, the South Dakota Supreme Court explained a person who intends to

5

return to her home should not be precluded from leaving temporarily without losing the homestead right. "If one cannot leave his home for a temporary purpose, then our homestead laws make of the home a veritable prison . . . ." Id. at 704.

Ms. Feucht, however, did not express an intent to return, or an intent to leave only temporarily. Her expressed intent was merely to possibly or contingently return. "In order to find an abandonment of a homestead, the trial court must determine that the debtor has voluntarily departed from the homestead property, and left without the intent to return and occupy it as a home." In Re: Peterson, 897 F.2d 935, 939 (8th Cir. 1990). Judge Hoyt so found in his April 24, 2006 letter decision. This finding of fact is not clearly erroneous.

Ms. Feucht asserts, however, that Judge Hoyt's Order sustaining the Trustee's objection to her homestead exemption in the Fairview property is an error of law based on Crawford v. Carter, 37 N.W.2d 241 (S.D. 1949). In Crawford, the South Dakota Supreme Court held the wife was a necessary party to a suit in which the husband, without the wife's consent, attempted to sell one acre of their one hundred acre homestead. The Court reasoned the husband could not abandon the one acre without the wife's consent because of what is now SDCL § 43-31-17: "A conveyance or encumbrance of a homestead by its owner, if married and both husband and wife are residents of this state, is valid if both husband and wife concur in and sign or execute such conveyance or encumbrance either by joint instrument or separate instruments. . . ." Ms. Feucht, however, did not convey or encumber the homestead in this instance. She merely forfeited her privilege to claim the homestead exemption because she no longer met one of the conditions set by the legislature. In Re: Clouse's Estate, 257 N.W. 106, 108 (S.D. 1934). In this case, the condition not met was occupancy. Although a husband and wife may claim only one homestead exemption and only one homestead exemption may be claimed on behalf of the family, a creditor's judgment against one spouse is only against that spouse and does not attach to the other's property interests. Beck v. Lapsley, 593 N.W.2d 410, 413 (S.D. 1999). Therefore, the non-bankrupt spouse is entitled to claim the entire homestead exemption for the benefit of his or her interest in the property. Id. In this case, Teresa Fuecht's husband continued to occupy the Fairview property as of the petition date and therefore retained the family's privilege to claim the homestead exemption pursuant to SDCL § 43-31-1 and 2. Teresa Feucht's non-occupancy, therefore, did not result in a conveyance, encumbrance or abandonment without her husband's consent. See also, In Re: Holman 286 B.R.

6

882, 886 (D. Minn. 2002) (interpreting Minnesota law and finding "even though one party to a marriage may have lost his homestead right by physical absence for more than six months . . . the property will still be protected from claims of creditors under the color of the other spouse's statutory right."). Judge Hoyt correctly sustained the Trustee's objection to Teresa Feucht's claim to an exemption on the Fairview property.

## CONCLUSION

Judge Hoyt's findings of fact are reviewed for clear error, and his conclusions of law are reviewed *de novo*. South Dakota law (SDCL § 43-31-2) requires that the homestead be used as a home by the owner. At the time she filed her petition, however, Teresa Feucht was not using the Fairview property as a home, and her expressed intent to return was a mere possibility or contingency. Judge Hoyt did not err in finding Teresa Feucht, as of the date of her bankruptcy petition, did not have a homestead interest in the Fairview property as defined by South Dakota law. It is therefore respectfully recommended to the District Court that the Order of the Bankruptcy Court sustaining the Trustee's objection to Teresa Feucht's claim to the homestead exemption as to the Fairview property be AFFIRMED.

## николайNOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).
Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 15th day of November, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk
By _Sharon Toure_, Deputy
(SEAL)

7